UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELIZABETH OLSON,                )
                                )   No. CV-09-0300-CI
          Plaintiff,            )
                                )   ORDER GRANTING PLAINTIFF'S
v.                              )   MOTION AND REMANDING FOR
                                )   ADDITIONAL PROCEEDINGS
MICHAEL J. ASTRUE, Commissioner )   PURSUANT TO 42 U.S.C. §
of Social Security,             )   405(g)
                                )
          Defendant.            )
                                )

     BEFORE THE COURT are cross-Motions for Summary Judgment.  (Ct.
Rec. 14, 17.)  Attorney Rebecca M. Coufal represents Elizabeth Olson
(Plaintiff); Special Assistant United States Attorney Leisa A. Wolf
represents the Commissioner of Social Security (Defendant).   The
parties have consented to proceed before a magistrate judge.  (Ct.
Rec. 6.)  After reviewing the administrative record and briefs filed
by the parties, the court **GRANTS** Plaintiff's Motion for Summary
Judgment and remands the matter to the Commissioner for additional
proceedings pursuant to 42 U.S.C. § 405(g).

                          **JURISDICTION**

     Plaintiff initially applied for disability insurance benefits
and Supplemental Security Income (SSI) on February 1, 2007.  (Tr.
117.)   She alleged disability due to lupus, Sjogren's syndrome,
bipolar disorder, post-traumatic stress disorder (PTSD), chronic
pain, social anxiety, and methicillin-resistant staphylococcus
aureus (MRSA), with an onset date of February 1, 2000.  (Tr. 116,
121.)  After benefits were denied initially and on reconsideration,

Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on February 5, 2009. (Tr. 25-63.) Plaintiff, who was represented by counsel, and vocational expert Sharon N. Welter (VE) testified. At the hearing, Plaintiff withdrew the DIB application and amended the alleged onset date for SSI benefits to the date of her SSI application, February 1, 2007.[1] (Tr. 30-31.) The ALJ denied benefits on February 24, 2009, and the Appeals Council denied review. (Tr. 1-4, 8-24.) Plaintiff's claim is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant

---

[1] The ALJ's decision dated February 24, 2009, does not reflect the amended onset date or withdrawal of the DIB application as discussed by Plaintiff's representative and the ALJ at the February 5, 2009, hearing. (Tr. 11.) It is noted on review the medical evidence includes records dated 2002 through February 2009. (Tr. 174-578.) The hearing transcript indicates Plaintiff's representative stated he was unable to obtain earlier records; therefore, he amended the onset date to the date of Plaintiff's SSI application date and withdrew the DIB application. (Tr. 31.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 2

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment"

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 3

which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 4

national economy" which claimant can perform.    20 C.F.R. §§
404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496,
1498 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript
of proceedings and are briefly summarized here.  Plaintiff was 29
years old at the time of the hearing and had an 11th grade education,
a high school equivalency degree and one year of community college.
(Tr. 32, 34.)   At the time of the hearing, she was living in a
women's shelter with her eleven month old baby. (Tr. 47.)   She
testified she could walk three or four blocks and stand ten minutes
before she experienced pain.   (Tr. 35-36.)   She has past work
experience as a fast food worker, a cashier, a grocery store bagger,
a telephone solicitor, and a short order cook.  (Tr. 56.)  Plaintiff
reported she could not work because of pain and fatigue from lupus
flare-ups, water retention in her legs and ankles, and MRSA
outbreaks that cause fever, blisters and abscesses. (Tr. 37-41.)

## ADMINISTRATIVE DECISION

At step one, ALJ Chester found Plaintiff had not engaged in
substantial gainful activity since the amended alleged onset date.
At step two, he found Plaintiff had severe impairments of "lupus,
Sjogren's, MRSA, and bronchitis," and no severe mental impairment.
(Tr. 13-14.)  At step three, the ALJ found Plaintiff's impairments,
alone and in combination, did not meet or medically equal one of the
listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations
No. 4 (Listings).  (Tr. 16.)  Specifically, he found she did not
meet Listings 14.02, 14.10, or 8.04.  (*Id.*)  At step four, he

1  determined she was capable of light work. (Tr. 17.) In his

2  discussion of the evidence, ALJ Chester found Plaintiff's subjective

3  symptom testimony was not credible to the extent her alleged

4  limitations were inconsistent with the RFC findings. (Tr. 18-22.)

5  Based on the RFC and VE testimony, the ALJ concluded Plaintiff could

6  still perform her past work as a cashier and telephone solicitor

7  and, therefore, had not been under a disability as defined by the

8  Social Security Act since the date her SSI application was filed.

9  (Tr. 22-23.)

10                              **ISSUES**

11       The question presented is whether the ALJ's denial of benefits

12  is supported by substantial evidence and free of legal error.

13  Plaintiff argues the ALJ erred at step two when he failed to

14  identify her diagnosed depression, anxiety, fibromyalgia, Von

15  Willebrands disease, and chronic pain as severe impairments. She

16  contends also the ALJ erred when he (1) found she did not meet the

17  Listings; (2) did not take medical expert testimony to determine if

18  her impairments alone or in combination meet or equal a Listing; (3)

19  did not consider her impairments in combination at step four; and

20  (4) failed to address examining psychologist Scott Mabee's

21  evaluation and opinions. (Ct. Rec. 15, 19.)

22                            **DISCUSSION**

23  **A.    Step Two**

24       **1.    Medically Determinable Impairments**

25       Plaintiff argues the ALJ erred at step two when he failed to

26  make findings regarding medical diagnoses of depression, anxiety,

27  fibromyalgia, Von Willebrands disease and chronic pain disorder.

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 6

(Ct. Rec. 15 at 11.)   At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.,* one that significantly limits her physical or mental ability to do bask work activities.  20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations.  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

The Commissioner's policy ruling instructs that an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Social Security Ruling* (*SSR*) 85-28.[2]  "The

_____

[2] Social Security Rulings are issued to clarify the Commissioner's regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations.  *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  The Supreme Court upheld the validity of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 7

severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *Id*.  Further, where non-severe impairments exist, the combined effect of these impairments must be considered to determine if, together, they have a significant impact on the ability to work.   20 C.F.R. § 416.923.   Thus, the effects of medically determinable severe and non-severe impairments, in combination, must be considered throughout the sequential evaluation process.

As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *SSR* 85-28. Thus, in determining whether a claimant has a severe impairment, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record.   Here, the ALJ found several severe impairments, but concluded Plaintiff had no severe mental impairments.   (Tr. 14.) Further, he did not discuss medical diagnoses of other impairments that, if considered in combination with Plaintiff's chronic lupus, Sjogren's, bronchitis, and MRSA (a highly infectious disease), may have yielded a different conclusion regarding her eligibility for benefits.   For example, the record shows Plaintiff was diagnosed with chronic pain, chronic fatigue, depression, and Von Willebrands disease by her treating specialist Howard Kenny, M.D., and her treating physician April Hume, M.D., in 2006. (*See, e.g.*, Tr. 211,

Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

214, 271.)  The record shows these diagnoses continued throughout the record, that Plaintiff was treated with numerous medications, and the side effects the medications were a constant concern of her treating physicians.  (*See, e.g.,* Tr. 353-59, 367, 466-91.) Contrary to the Regulations, the ALJ failed to identify and evaluate these conditions and their symptoms in combination at step two. This is legal error and cause for reversal.  *See* 20 C.F.R. §§ 416.927, .945.

In addition, in this evaluation of the medical evidence, ALJ Chester did not discuss or reject the opinions of Scott Mabee, Ph.D., and assessment specialist Abigail Osborne-Elmer, M.S.  The Osborne-Elmer/Mabee findings are based on an psychological examination conducted in February 2009, and submitted to the ALJ prior to the scheduled hearing. (Tr. 558-78.)  Their diagnoses of pain disorder and anxiety disorder and assessment of marked limitations in social functioning are derived from a mental status exam and a battery of objective psychological tests, the results of which are supported by documentation in the record. (*Id.*)  This unrejected medical evidence establishes mental disorders that cause more than a minimal effect on Plaintiff's functioning, and should have been evaluated in the step two findings.  Even if found to be not severe, these medically determinable impairments must be considered in combination with severe impairments by the adjudicator throughout the sequential evaluation.[3]

---

[3] Based on the record before the court, it cannot be "confidently concluded" that the outcome of the proceedings would be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 9

1    For step two purposes, Plaintiff met her burden of providing

2  objective medical evidence consisting of signs, symptoms, and

3  laboratory findings of chronic pain/fibromyalgia, Von Willebrands

4  disease, and depression, as well as medical records documenting

5  ongoing treatment with medication and counseling over the years.  20

6  C.F.R. § 416.926; *Webb v Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

7  Further, Plaintiff's subjective complaints are consistent with

8  diagnoses of chronic pain, fibromyalgia, and depression.[4]  Even if

9

10 _____

11 unchanged if the identified step two errors were corrected.  As

12 discussed below, the ALJ's failure consider all limitations

13 supported by the record, including pain and fatigue, when assessing

14 Plaintiff's ability to perform and sustain work, was prejudicial to

15 Plaintiff and is, therefore, not harmless error.  *See Stout v.*

16 *Commissioner, Social Sec. Admin.* , 454 F.3d 1050, 1056 (9 th Cir.

17 2006).

18    [4] The ALJ appears to have rejected totally Plaintiff's

19 complaints of fatigue as "due to her bout of viral meningitis."

20 (Tr. 19.)  This reasoning is neither "clear and convincing" nor

21 supported by the record.  The ALJ's total rejection of complaints of

22 fatigue ignores the documented symptoms of diagnosed diseases such

23 as lupus, MRSA, and chronic pain/fibromyalgia, and the side effects

24 of medications (including Prednisone) prescribed by treating and

25 hospital physicians.  (*See* Tr. 214, 271, 358, 367, 502, 509.)

26 Further, without medical expert testimony regarding the combined

27 effects of Plaintiff's diseases, the ALJ's rejection of symptom

28 allegations is not supported by substantial evidence.  On remand,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) – 10

the evidence does not establish the diagnosed impairments establish more than "slight abnormality," the ALJ erred by excluding them entirely in his step two findings and failing to consider their effects in combination with severe impairments throughout the proceedings. 20 C.F.R. § 416.929. The ALJ's step two findings are not supported by substantial evidence and are based on legal error.

**B.    Step Three: The Listings**

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995). If a claimant's impairment does not meet the criteria specified in the Listings, he or she is still disabled if the impairment equals a listed impairment. 20 C.F.R. § 416.920(d). If a claimant has more than one impairment, the Commissioner must determine whether the combination of impairments is medically equal to any listed impairment. 20 C.F.R. § 416.926(a). A claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester,* 81 F.3d at 829. A finding of medical equivalence must be based on medical evidence from acceptable medical sources only, *i.e.* licensed psychologists or physicians designated by the Commissioner. 20 C.F.R. §§ 416.929(d)(3), .926 (c),(d).

At the ALJ hearing and in her appeal to the Appeals Council,

the ALJ shall identify allegations deemed unreliable and give "clear and convincing" reasons for rejecting them. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell,* 947 F.2d at 345-46.

Plaintiff argued her medically determinable impairments met or equaled Listings sections 14.02 (*Systemic Lupus Erythematosus*) and 8.40 (*Chronic Infections of the Skin or Mucous Membranes*). (Tr. 31, 61, 171-72.)  Plaintiff's representative specifically argued the need for medical expert testimony on the combined effects of Plaintiff's impairments and requested the submission of interrogatories to a medical expert for step three evidence. Plaintiff has presented a reasonable theory of medical equivalence. (Tr. 62.)

"Longstanding policy requires that the judgment of a physician or psychologist designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge . . . must be received into the record as expert opinion evidence and given appropriate weight." *SSR* 96-6p.  The Commissioner advises when the evidence suggests a judgment of equivalence may be reasonable and a medical judgment as to medical equivalence must be made by the ALJ, a medical expert must be called.  *Id.*

Because the issue of medical equivalence is outstanding, and it is not clear from the record that Plaintiff is disabled, remand for medical expert testimony and additional proceedings is warranted. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Lester,* 81 F.3d at 830, 834; *Smolen v. Chater,* 80 F.3d 1273, 1291-92 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).

**C.   Step Four**

The Commissioner has defined the RFC as an "assessment of an individual's ability to do sustained work-related physical and

mental activities in a work setting on a regular and continuing basis," *i.e.*, for eight hours a day for five days a week, or an equivalent work week. *SSR* 96-8p. The effects of pain and other symptoms must also be discussed and included in the RFC determination, to the degree consistent with medical and other evidence. *Id*.[5] Here, the ALJ found no cognitive or social functioning limitations due to psychological impairments, pain, or fatigue. (Tr. 17.) This determination is not supported by substantial evidence. For example, in discussing the medical evidence, the ALJ gave significant weight to a psychological evaluation by Sean Caldwell, M.S. candidate, which was adopted by Mahlon Dalley, Ph.D. This evaluation was completed in June 2006. (Tr. 199-208.) The evaluators assessed a generalized anxiety disorder order and personality disorder, nos, and opined Plaintiff's moderate limitation in her ability to interact appropriately would not interfere with her ability to work. (Tr. 201-202, 208.) However, this evaluation was made prior to the relevant period at issue and does not appear to have included a review of medical

---

[5] It is noted on review that during VE testimony, Plaintiff's attorney asked the VE whether Plaintiff's highly infectious chronic MRSA outbreaks would have a significant effect on her ability to perform her past work. (Tr. 60.) The VE responded this was a medical restriction and declined to opine on how this impairment would impact her employability. (Tr. 60-61.) Considering the severe nature of this disease, further medical evidence is required to clarify the effects of MRSA on employability. On remand, medical expert testimony regarding this issue shall be obtained.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 13

records.  (Tr. 203-04.)  Further, the evaluator's conclusion that
any mental impairment would be of limited duration (0 months) is
contradicted by evidence of ongoing depression, chronic pain and
fatigue, and anxiety diagnoses and treatment after 2006.  (Tr. 202,
209, 466-67, 504-05, 522.) Significantly, the Caldwell/Dalley
evaluation is contradicted by Dr. Mabee's unrejected narrative
report and assessment (made in 2009) that Plaintiff suffered marked
limitations in social functioning due to anxiety and pain disorder.
(Tr. 564, 577.)

It was legal error to make step four findings without
considering all probative evidence in the entire medical record.  20
C.F.R. §§ 416.927, .945; *SSR* 96-8p .  Further, the RFC determination
does not include any discussion of non-exertional limitations caused
by medication side-effects or chronic pain and fatigue due to
complications of lupus and MRSA, effects thoroughly documented in
the record.  *See* 20 C.F.R.  § 416.945 (d) and (e).  If on remand,
the ME opines Plaintiff's combined impairments do not meet or equal
a Listing, the ALJ will consider - alone and in combination - those
severe and non-severe medically determinable physical and mental
impairments identified by the medical expert and supported by the
evidence and make a new RFC determination as directed by *SSR* 96-8p.
Additional VE testimony will be necessary to evaluate (1) all
unrejected limitations in combination, and (2) their effect on the
Plaintiff's ability to perform and sustain past relevant work, and
if step five findings are necessary, other work in the national
economy.  Accordingly,

1    **IT IS ORDERED:**

2        1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

3    **GRANTED** and the matter is remanded to the Commissioner for an

4    immediate award of benefits.

5        2.    Defendant's Motion for Remand **(Ct. Rec. 17)** is **DENIED;**

6        3.    Application for attorney fees may be filed by separate

7    motion.

8        The District Court Executive is directed to file this Order and

9    provide a copy to counsel for Plaintiff and Defendant. Judgment

10   shall be entered for **Plaintiff,** and the file shall be **CLOSED.**

11       DATED November 3, 2010.

12

13                    <u>     S/ CYNTHIA IMBROGNO        </u>
                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 15